1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICK'S CUSTOM BOOTS LLC, a
Washington limited liability company,

    Plaintiff,

    v.

LOWA SPORTSCHUHE GMBH, a
German limited liability company,

    and

LOWA BOOTS, LLC, a Connecticut
limited liability company,

    Defendants.

Civil Action No. 2:22-cv-1381

**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**

    Plaintiff Nick's Custom Boots LLC, doing business as Nicks Custom Boots or Nicks Handmade Boots (hereinafter "NCB" or "Nick's Custom Boots"), for its complaint against Defendant LOWA Sportschuhe GmbH, doing business as "Lowa", "Lowa Boots", or "Lowa Outdoor Footwear" (hereinafter "Lowa Germany"), and against Defendant LOWA Boots, LLC, doing business as "Lowa" or "Lowa Boots USA" (hereinafter "Lowa USA"), alleges as follows.

COMPLAINT FOR FALSE DESIGNATION OF ORIGIN AND
UNFAIR COMPETITION - 1

**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
206.669.2402
206.601.5180

## THE PARTIES

1.       Plaintiff Nick's Custom Boots is a limited liability company of the State of Washington, having a business address of 6510 E Sprague Avenue, Spokane Valley, Washington 99212.

2.       On information and belief, Defendant Lowa Germany is a limited liability company of Germany, having a business address of Hauptstrasse 19, Jetzendorf, Germany 85305.

3.       On information and belief, Defendant Lowa Germany occasionally does business under its company name.

4.       On information and belief, Defendant Lowa Germany is also doing business under the fictitious names "Lowa", "Lowa Boots", or "Lowa Outdoor Footwear".

5.       On information and belief, Defendant Lowa USA is a limited liability company of the State of Connecticut, having a business address of 86 Viaduct Road, Stamford, Connecticut 06907.

6.       On information and belief, Defendant Lowa USA occasionally does business under its company name.

7.       On information and belief, Defendant Lowa USA is also doing business under the fictitious names "Lowa", "Lowa Boots USA", or "Lowa Outdoor Footwear".

8.       On information and belief, Defendant Lowa USA is a subsidiary of Defendant Lowa Germany.

9.       On information and belief, additionally or alternatively to being a subsidiary of Defandant Lowa Germany, Defendant Lowa Germany is a licensee of one or more of Defendant Lowa Germany's trademarks or service marks.

COMPLAINT FOR FALSE DESIGNATION OF ORIGIN AND
UNFAIR COMPETITION - 2

**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
206.669.2402
206.601.5180

**JURISDICTION AND VENUE**

10.     This civil action arises under the Federal Unfair Competition Laws of the United States, 15 U.S.C. § 1125(a) [Lanham Act § 43(a)], and under the Washington State Consumer Protection Act R.C.W. 19.86.020, *et seq*. Thus, this Court has jurisdiction of this civil action under 28 U.S.C. §§ 1338(a) and 1338(b) and supplemental jurisdiction under 28 U.S.C. § 1367(a).

11.     Venue for the Defendants is properly laid in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(1) because the Defendants reside in the Western District of Washington within the meaning of 28 U.S.C. § 1391(c)(2) or (c)(3) because at least Defendant Lowa USA is doing business and has committed acts of infringement within this judicial district and because Defendant Lowa Germany may be sued in any judicial district due to Defendant Lowa Germany not being a resident in the United States.

**FACTS COMMON TO ALL COUNTS**

12.     In or around 1964, Nikolai Blahcuzyn founded a sole proprietorship (hereinafter "Nick's SP") that operated under the marks NICK'S CUSTOM BOOTS or NICK'S making handmade boots in Spokane, Washington custom for each individual customer.

13.     Nick's SP became the world's premier manufacturer and retailer of custom handmade boots.

14.     Nick's SP manufactured a wide variety of custom handmade boots under various trademarks, including an engineer boot offered for sale and sold under the designation "RENEGADE".

15.     Nick's SP began offering for sale and selling custom handmade boots under the trademark RENEGADE since at least as early as 1996.

COMPLAINT FOR FALSE DESIGNATION OF ORIGIN AND
UNFAIR COMPETITION - 3

**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
206.669.2402
206.601.5180

16.     In or around 2013, Plaintiff Nick's Custom Boots, LLC was formed and acquired the assets of Nick's SP, including its trademarks, service marks, and goodwill associated with such trademarks and service marks.

17.     Plaintiff NCB is the world's premier manufacturer and retailer of custom handmade boots.

18.     The mark RENEGADE has been in use by Nick's SP and then Plaintiff NCB (collectively hereinafter "Nick's Handmade Boots") continuously since its introduction by Nick's SP.

19.     Over numerous decades, Nick's Handmade Boots has made, sold, and transported in interstate commerce, and throughout the State of Washington, hundreds of custom handmade boots under the trademark RENEGADE.

20.     Since first use of the mark RENEGADE by Nick's SP, the mark RENEGADE has always been prominently displayed to Nick's Handmade Boots' customers and to the purchasing public in Nick's Handmade Boots' product catalogs, point of sale displays in Nick's Handmade Boots' retail store, or on labels applied to the boots or packaging.

21.     Since first use of the mark RENEGADE by Nick's SP, Nick's Handmade Boots has continuously offered for sale or sold boots under the trademark RENEGADE in all 50 states through its product catalogs.

22.     The mark RENEGADE is recognized by Nick's Handmade Boots' customers as an indicator of source.

23.     Nick's Handmade Boots has extensively advertised such mark to its customers.

24.     Nick's Handmade Boots has continuously operated its website at the domain NICKSBOOTS.com since on or around August 14, 1997.

COMPLAINT FOR FALSE DESIGNATION OF ORIGIN AND
UNFAIR COMPETITION - 4

**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
206.669.2402
206.601.5180

25.     Since at least as early as 1999, Nick's Handmade Boots has advertised and sold boots under the trademark RENEGADE in all 50 states through its website, as highlighted by the annotated blue arrow applied to the following screen captures of Nick's Handmade Boots' website.



COMPLAINT FOR FALSE DESIGNATION OF ORIGIN AND
UNFAIR COMPETITION - 5

**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
206.669.2402
206.601.5180

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24



26.    On information and belief, Defendant Lowa Germany is a manufacturer, distributor, and retailer of hiking boots.

27.    On information and belief, Defendant Lowa Germany began manufacturing in Germany boots under the designation "LOWA RENEGADE", "RENEGADE GTX MID", or

COMPLAINT FOR FALSE DESIGNATION OF ORIGIN AND
UNFAIR COMPETITION - 6

**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
206.669.2402
206.601.5180

"RENEGADE" (collectively, such designations are referred to hereinafter as "Accused Mark" or "Accused Trademark"; hereinafter, such boots are referred to as "Lowa boots" or "Accused Boots") after Nick's Handmade Boots began use of the trademark RENEGADE on or in connection with boots manufactured and sold by Nick's Handmade Boots.

28.     As shown in the below screen capture, Defendant Lowa Germany first produced the Accused Boots in 1997 in Germany.



29.     On information and belief, Defendant Lowa Germany has imported into this country and sold in this country the Accused Boots under the Accused Mark.

COMPLAINT FOR FALSE DESIGNATION OF ORIGIN AND
UNFAIR COMPETITION - 7

**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
206.669.2402
206.601.5180

30.     On information and belief, Defendant Lowa USA is an importer, distributor, and retailer of the Accused Boots under the Accused Mark.

31.     On information and belief, Defendant Lowa Germany began importing into the United States, distributing within the United States, and selling in the United States the Accused Boots under the Accused Mark after Defendant Lowa Germany first produced the Accused Boots in 1997 in Germany.

32.     On information and belief, Defendant Lowa USA began importing into the United States, distributing within the United States, and selling in the United States the Accused Boots under the Accused Mark after Defendant Lowa Germany first produced the Accused Boots in 1997 in Germany.

33.     On information and belief, neither Defendant Lowa Germany nor Defendant Lowa USA offered for sale or sold boots in this country under the designation "RENEGADE" until 1997 or later.

34.     Defendant Lowa USA was formed on June 18, 1998.

35.     Defendant Lowa USA or Defendant Lowa Germany acquired the domain lowaboots.com on November 2, 1998.

36.     On July 15, 2009, Defendant Lowa Germany filed U.S. Trademark Application No. 79071714 ("the '714 Application"), which has a foreign priority date of June 10, 2009.

37.     On August 24, 2010, U.S. Trademark Registration No. 3,838,056 ("the '056 Registration") issued from the '714 Application.

38.     The '056 Registration is directed toward the mark LOWA RENEGADE in connection with footwear; hiking books; boots; trekking shoes and sports shoes.

39.     On information and belief, Defendant Lowa Germany has been engaged in the sale of the Accused Boots under the Accused Mark in this Judicial District.

COMPLAINT FOR FALSE DESIGNATION OF ORIGIN AND
UNFAIR COMPETITION - 8

40.     On information and belief, Defendant Lowa USA has been engaged in the sale of the Accused Boots under the Accused Mark in this Judicial District.

41.     Defendant Lowa USA operates its website, at least at lowaboots.com, as an interactive shopping cart model allowing consumers to purchase the Accused Boots under the Accused Mark directly from the website.

42.     Defendant Lowa USA's website is generally directed to all consumers, including those in this district.

43.     Defendant Lowa USA knows and intends that its products will be offered for sale and sold to consumers in this district.

44.     Defendant Lowa German's domain lowa.de forwards web traffic from the United States to Defendant Lowa USA's website.

45.     In so forwarding such web traffic, Defendant Lowa USA knows and intends that its products will be offered for sale and sold to consumers in this district.

46.     The public record at the U.S. Trademark Office states that Plaintiff NCB is represented by the undersigned counsel.

47.     On or around July 22, 2022, Defendant Lowa Germany's counsel mailed directly to Plaintiff NCB (not its counsel) the letter shown in Exhibit 1.

48.     On or around July 27, 2022, Defendant Lowa Germany's counsel emailed directly to Plaintiff NCB (not its counsel) the email shown in Exhibit 2 (Exhibits 1 and 2 collectively referred to as "the Cease & Desist Letter" or "the C&D Letter").

49.     The C&D Letter requests Plaintiff NCB to review Defendant Lowa Germany's website at the domain lowa.de.

50.     The domain lowa.de forwards to the domain lowaboots.com.

COMPLAINT FOR FALSE DESIGNATION OF ORIGIN AND
UNFAIR COMPETITION - 9

51.     The C&D Letter states that Defendant Lowa Germany has "protection" for the term "Renegade".

52.     The C&D Letter states that Defendant Lowa Germany "holds an extensive trademark portfolio on the term 'Renegade'."

53.     Neither Defendant Lowa Germany nor Defendant Lowa USA own a U.S. Trademark Registration for the trademark RENEGADE on its own.

54.     The C&D Letter demands confirmation by August 15, 2022, that Plaintiff NCB ceased use of the RENEGADE trademark.

55.     On or around August 18, 2022, Plaintiff NCB's counsel emailed Defendant Lowa Germany's counsel the letter shown in Exhibit 3 ("the Response Letter").

56.     Defendant Lowa Germany's counsel did communicate to Plaintiff NCB's counsel disagreement with the characterizations of the C&D Letter in the Response Letter.

57.     The Response Letter states that Plaintiff NCB understands that Defendant Lowa Germany accuses Plaintiff NCB of trademark infringement with respect to the '056 Registration.

58.     The Response Letter states that Plaintiff NCB understands that Defendant Lowa Germany demands that Plaintiff NCB ceases use of the mark RENEGADE by August 15, 2022.

59.     The Response Letter states that counsel for Plaintiff NCB would respond upon conclusion of investigation of Defendant Lowa Germany's accusation of trademark infringement.

60.     On or around September 7, 2022, and again on or around September 22, 2022, Defendant Lowa Germany's counsel emailed Plaintiff NCB's counsel the emails shown in Exhibits 4 and 5, each of which had attached thereto the letter shown in Exhibit 1.

**CLAIM FOR RELIEF, COUNT I — Violation of Consumer Protection Act**

61.     Plaintiff NCB repeats and realleges each and every allegation of the foregoing paragraphs as if recited herein.

COMPLAINT FOR FALSE DESIGNATION OF ORIGIN AND
UNFAIR COMPETITION - 10

**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
206.669.2402
206.601.5180

62.     The Accused Mark as used by Defendants is substantially identical to Plaintiff NCB's trademark RENEGADE.

63.     The above-described acts of Defendant Lowa Germany constitute an unfair or deceptive act or practice and an unfair method of competition in the conduct of trade or commerce in violation of R.C.W. 19.86.020 *et seq.* that have infringed NCB's common-law trademark rights and thereby injured NCB in its business and property.

64.     The above-described acts of Defendant Lowa USA constitute an unfair or deceptive act or practice and an unfair method of competition in the conduct of trade or commerce in violation of R.C.W. 19.86.020 *et seq.* that have infringed NCB's common-law trademark rights and thereby injured NCB in its business and property.

65.     NCB is further injured in that consumers are likely to be confused by the Accused Mark as to the source, sponsorship or affiliation and to purchase the Accused Boots believing that they originated with NCB, were approved of by NCB, or were affiliated with NCB.

66.     On information and belief, Defendant Lowa Germany is aware of NCB's trademark rights.

67.     On information and belief, Defendant Lowa Germany knows and intends for such confusion to occur through its sale of boots under the Accused Mark.

68.     On information and belief, Defendant Lowa USA is aware of NCB's trademark rights.

69.     On information and belief, Defendant Lowa Germany knows and intends for such confusion to occur through its sale of boots under the Accused Mark.

70.     Defendant Lowa Germany's offer for sale and sale of the Accused Boots under the Accused Mark is directed to consumers widely throughout this state, thereby affecting the public interest.

**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
206.669.2402
206.601.5180

71.     Defendant Lowa Germany continues to do so despite publicly available evidence of Plaintiff NCB's senior trademark rights, making it clear that Defendant Lowa Germany's infringing actions will continue unless enjoined by this Court.

72.     Defendant Lowa USA's offer for sale and sale of the Accused Boots under the Accused Mark is directed to consumers widely throughout this state, thereby affecting the public interest.

73.     Defendant Lowa USA continues to do so despite publicly available evidence of Plaintiff NCB's senior trademark rights, making it clear that Defendant Lowa USA's infringing actions will continue unless enjoined by this Court.

74.     Defendant Lowa Germany is liable for acts of unfair competition committed by Defendant Lowa USA under the doctrine of *respondeat superior*.

75.     On information and belief, Defendants' aforesaid acts have been knowing, willful, and without Plaintiff's permission and have been intended to trade on NCB's goodwill in the State of Washington.

**CLAIM FOR RELIEF, COUNT II — Federal Unfair Competition**

76.     Plaintiff NCB repeats and realleges each and every allegation of the foregoing paragraphs as if recited herein.

77.     The sale of the Accused Boots under the Accused Mark amounts to a false designation of origin, which is likely to confuse the public into believing that there is an affiliation, connection, or association between the source of the Accused Boots and the source of NCB's products.

78.     NCB is likely to be damaged by such confusion as to affiliation, connection, or association of the type described.

COMPLAINT FOR FALSE DESIGNATION OF ORIGIN AND
UNFAIR COMPETITION - 12

**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
206.669.2402
206.601.5180

79.     Defendant Lowa Germany is liable for acts of false designation of origin committed by Defendant Lowa USA under the doctrine of *respondeat superior*.

80.     On information and belief, the Defendants' acts have been knowing, willful, and without NCB's prior knowledge or consent and are therefore a violation of the Plaintiff's rights under 15 U.S.C. § 1125(a) [§ 43(a) of the Lanham Act].

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests the entry of a judgment by this Court against the Defendants providing:

(a)     That the Defendants have violated the Washington State Consumer Protection Act, R.C.W. 19.86.020 et seq.;

(b)     For an award of damages, together with interest, to compensate the Plaintiff for the Defendants' past acts of unfair competition and misidentification of origin, and that such an award be trebled, and for an award to Plaintiff of all of its costs and attorney's fees with respect thereto in accordance with R.C.W. 19.86.090;

(c)     That the Defendants have violated § 43(a) of the Lanham Act (17 U.S.C. § 1125);

(d)     That the Defendants, their respective agents, servants, employees, attorneys, and all other persons in active concert or in participation with each Defendant be preliminarily and permanently enjoined and restrained from making any false designation of origin which is likely to confuse the public, or cause mistake, or to deceive the public as to believing that there is an affiliation, connection, or association of either of the Defendants with the Plaintiff by virtue of similarities between the Defendants' Accused Mark and the Plaintiff's trademark RENEGADE;

(e)     For an award of damages in accordance with 15 U.S.C. § 1117(a) including all of the Defendant's profits, damages sustained by the Plaintiff, and the costs of the action including a

**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
206.669.2402
206.601.5180

1  trebling of such damages and that the Court determine that this is an exceptional case and award

2  the Plaintiff its reasonable attorney's fees; and

3         (f)     For other and further relief as is provided by law and that this Court deems just and

4  equitable.

5  Respectfully submitted on this 28th day of September, 2022.

6                              BAMERT REGAN

7

8                              s/ John J. Bamert
                            John J. Bamert, WSBA No. 48128

9                              Bamert@BamertRegan.com
                            206.669.2402

10                              Kevin E. Regan, WSBA No. 44565
                            Regan@BamertRegan.com

11                              206.601.5180

12                              113 Cherry St, Unit 55215
                            Seattle, Washington 98104

13

14                              *Counsel for Plaintiff Nick's Custom Boots LLC*

15

16

17

18

19

20

21

22

23

24

**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
206.669.2402
206.601.5180